IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN PATRICK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>USA, )<br>)<br>Respondent. ) | 1:24CV737 |

ORDER AND RECOMMENDATION
OF UNTIED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner currently detained in the Cumberland County Jail, submitted a Letter in which he appears to challenge the execution of his sentence regarding a halfway house placement and mental health services offered to him.[1] Where, as here, a petitioner attacks the execution and not the imposition of a sentences, his petition properly invokes 28 U.S.C. § 2241. See Setser v. United States, 566 U.S. 231, 244 (2012); see also United States v. Wilson, 503 U.S. 329, 334-35 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . . Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies."); United States v. Miller, 871

---

[1] To the extent Petitioner requests a mental health examination, the Court does not conduct or order such examinations for persons not currently before the Court for some other reason. If Petitioner seeks medical treatment that he is not receiving, he must pursue that from the United States Bureau of Prisons and the file suit in the district where he is incarcerated if he believes he is still being denied proper medical treatment.

F.2d 488, 489-90 (4th Cir. 1989); United States v. Harbison, 148 Fed. Appx. 187 (4th Cir. 2005); U.S. v. Burcham, 91 Fed. Appx. 820, 823 n.2 (4th Cir. 2004). For this reason, the Court treated the filing as one under § 2241. However, Petitioner failed to use the proper form or to submit the filing fee or an application to proceed *in forma pauperis*. Therefore, the present Petition will be dismissed without prejudice to re-filing on the proper form and accompanied by the fee or an application to proceed *in forma pauperis*.

Further, in a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). Petitioner is incarcerated in the Eastern District of North Carolina. Accordingly, Petitioner should seek the proper forms from the Clerk of that district and file any § 2241 petition there after exhausting his administrative remedies. The address for the Clerk is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal without prejudice to filing a new petition in the proper district after exhausting any available administrative remedies.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district after exhausting any available administrative remedies.

This, the 5th day of September, 2024.

/s/ Joe L. Webster
United States Magistrate Judge